UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NASHVILLE TEXAS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:10-CV-1210-G |
| CITY OF BURLESON, TEXAS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Before the court are three motions for summary judgment filed by co-
defendants City of Burleson, Texas ("Burleson") (docket entry 30), Rovin, Inc.
("Rovin") (docket entry 33), and Paradigms for Success, Inc. ("Paradigms") (docket
entry 34).  For the reasons set forth below, the defendants' motions are granted.

I. BACKGROUND

A. Factual Background

This dispute concerns the placement of a large dumpster and oil trap in an
alley in Burleson, Texas.  Plaintiff Nashville Texas, Inc. ("Nashville") owns real
property within the "Old Town" portion of Burleson, where it runs an antique sales

business.  Plaintiff's Original Complaint ("Complaint") ¶ 3.1 (docket entry 1).  The

defendant Paradigms owns real estate nearby, part of which is leased to the defendant

Rovin.  Paradigms for Success, Inc.'s Answer to Plaintiff's Original Complaint

("Paradigms' Answer") ¶ 1.04-05 (docket entry 8); *see also* Complaint ¶ 3.2-3.  Since

2005, Rovin has operated a "Babe's Chicken Dinner House" restaurant ("Babe's") at

that location.  Defendant Rovin, Inc.'s Brief in Support of Motion for Summary

Judgment ("Rovin's Brief") at 5-6 (docket entry 33).  There is a twenty foot alley that

separates Babe's from the plaintiff's property.  Complaint ¶ 3.4.

In February 2005, Burleson and Rovin entered into a temporary easement

agreement, which permitted Rovin to install a grease trap and locate trash dumpsters

within the alley.  Complaint ¶ 3.6-7.  In June of that same year, Burleson amended

the agreement to make the easement agreement permanent.  *Id.* ¶ 3.8.  Nashville

objected to the placement of the grease trap and trash dumpster, arguing that it

encroached on property rights that it holds in the alley.  Complaint ¶ 3.5, 3.10-14.

### B.  State Court Suit

On January 3, 2006, Nashville commenced an action in a Texas district court

against the three defendants in this case, seeking declaratory and injunctive relief

concerning the grease trap and dumpster.  Brief Supporting City of Burleson's Motion

for Summary Judgment ("Burleson's Brief") at 3 (docket entry 31); Appendix

Supporting City of Burleson's Motion for Summary Judgment ("Burleson's

Appendix") at 2-7 (docket entry 32).  After filing its answer, Burleson asserted a plea to the jurisdiction of the district court, arguing that Nashville lacked standing to challenge the placement of the grease trap and dumpster.  Burleson's Appendix at 11-14.  On April 21, 2006, the district court granted Burleson's plea to the jurisdiction. Burleson's Appendix at 29.

In the fall of 2006, the defendants Paradigms and Rovin also raised pleas to the jurisdiction of the district court.  Burleson's Appendix at 35-42; 44-51.  On December 1, 2006, the state district court issued a "Final Order," which granted Paradigms' and Rovin's pleas to the jurisdiction.  *Id.* at 73.  After making note of the April 21 order, the court dismissed all of the plaintiff's claims against each of the defendants.  *Id.*  In particular, the district court said the following:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff's Claims against Rovin, Inc., and Paradigms for Success, Inc. are hereby dismissed.  This is a Final Order disposing of all matters; the court having granted the City of Burleson, Texas' Plea to the Court's Jurisdiction on April 21, 2006.

On December 12, 2007, more than one year after the district court issued its final order, Nashville filed a Motion for Entry of Final Order.  See *Nashville Texas, Inc. v. City of Burleson*, No. 01-08-00274-CV, 2009 WL 618507, at *1 (Tex.App.--Houston [1st Dist.] March 12, 2009, pet. denied), available in Burleson's Appendix at 247-51.  Nashville argued that the December 1, 2006 order was not final, because the defendants had made a general prayer for attorney's fees, which would constitute

- 3 -

a counterclaim.  *Id*.  The state trial court granted Nashville's motion, and issued a

second final judgment on January 9, 2008.  Nashville then appealed this second

judgment to the Texas Court of Appeals.  *Id.*

On March 12, 2009, the Court of Appeals ruled that the defendant's general

prayer for attorney's fees was not a counterclaim, and thus the December 1, 2006

order was in fact a final judgment.  *Id.* at *2-3.  The court then dismissed the case

under TEX. R. APP. P. 26.1, which requires that a "notice of appeal must be filed

within 30 days after the judgment is signed[.]"  *Id.*  Because the plaintiffs had not

timely appealed the trial court's final order, the Court of Appeals held that it lacked

jurisdiction over the case.  *Id.* at *3.  The Supreme Court of Texas denied review of

the dismissal on August 21, 2009, and denied a rehearing of the denial on October

30, 2009.  Burleson's Brief at 4.

## C.  Procedural Background

On June 17, 2010, plaintiff Nashville filed the action in this court against

defendants Burleson, Paradigms, and Rovin.  Nashville alleges claims under 42 U.S.C.

§ 1983 for (1) a taking in violation of the Just Compensation Clause of the Fifth

Amendment, as incorporated against the states through the Fourteenth Amendment,

(2) a violation of the guarantee of substantive due process under the Fourteenth

Amendment, and (3) a violation of the guarantee of procedural due process under the

Fourteenth Amendment.  Complaint at 4.1-3.

The defendants City of Burleson, Paradigms for Success, Inc. and Rovin, Inc. have each moved for summary judgment.  Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1). [*]  A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham.").  To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor.  *Anderson*, 477 U.S.

---

[*]        Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id*. at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a genuine issue as to a material fact. See *Malacara v. Garber,* 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

## II. ANALYSIS

### A. Legal Standard

"[T]he first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed." *John Corporation v. City of Houston*, 214 F.3d 573, 576 (5th Cir. 2000). This is because "[i]ndividuals may look to several constitutional provisions for protection against state action that results in a deprivation of their property." *Id.* at 577. In its complaint, the plaintiff alleged

violations of the Just Compensation Clause, substantive due process, and procedural due process.  Complaint ¶ 4.1-3.

To determine whether the statute of limitations has run on a given claim, this court must first determine when the particular claim accrued.  "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original).  Under federal law, a Section 1983 claim will accrue when the plaintiff has "a complete and present cause of action."  *Id*.

### 1. *Just Compensation Clause of the Fifth Amendment*

Under the Fifth Amendment to the U.S. Constitution, individuals are entitled to receive "just compensation" if the government takes their private property for public use.  U.S. CONST. amend V.  This requirement has been incorporated against the states through the Fourteenth Amendment.  *Chicago, B. & Q. Railroad Company v. City of Chicago*, 166 U.S. 226, 234-35, 241 (1897).

In a takings case under Section 1983, a plaintiff will not have a "complete and present cause of action" unless the two ripeness requirements of *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), have been met.  See *Severance v. Patterson*, 566 F.3d 490, 496 (5th Cir. 2009).  First, "the government entity charged with implementing the regulations [must have] reached a final decision regarding the application of the regulations to the property at issue."  *Williamson*

- 7 -

*County*, 473 U.S. at 186.  Second, a plaintiff must "seek compensation through the procedures the State has provided for doing so." *Id.* at 194.  For example, if a state offers recovery through an adequate inverse condemnation procedure, the plaintiff must first use that procedure before coming to a federal court.  See *id.* at 196-97; see also *Liberty Mutual Insurance Company v. Brown*, 380 F.3d 793, 796-800 (5th Cir. 2004).  Therefore, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County*, 473 U.S. at 195.

Once the *Williamson County* ripeness requirements have been met, the takings claim will accrue, and the statute of limitations period will begin to run.  This is because "the same considerations that render a claim premature prevent accrual of a claim for limitations purposes, and the claim does not accrue until the relevant governmental authorities have made a final decision on the fate of the property." *Norco Construction, Inc. v. King County*, 801 F.2d 1143, 1146 (9th Cir. 1986) (Kennedy, J.); see also *New Port Largo, Inc. v. Monroe County*, 985 F.2d 1488, 1493 (11th Cir.) ("For statute of limitations purposes, both [*Williamson County* ripeness] events are necessary for the accrual of a property owner's takings claim."), *cert. denied*, 510 U.S. 964 (1993); *Biddison v. City of Chicago*, 921 F.2d 724, 729 (7th Cir. 1991)

("[The plaintiff's] federal claim will ripen, and the statute of limitations will begin to run, if and when [the plaintiff] is denied just compensation by the state courts.").

While federal law controls the accrual of the Section 1983 claim, state law determines the applicable statute of limitations period. *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999). To determine the relevant period, a federal court must look to a state's personal injury law. *Owens v. Okure*, 488 U.S. 235, 236 (1989). Thus in Texas, the statute of limitations period for a Section 1983 claim is two years. *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)).

2. *Substantive and Procedural Due Process*

Under the Due Process Clause of the Fourteenth Amendment, individuals are not to be deprived of their property without "due process of law." U.S. CONST. amend XIV. This clause has been understood as protecting both substantive due process and procedural due process. *John Corporation*, 214 F.3d at 577. "Substantive due process, by barring certain government actions regardless of the fairness of the procedures used to implement them, serves to prevent governmental power from being used for purposes of oppression." *Id.* (internal quotation and changes omitted). In contrast, "[p]rocedural due process promotes fairness in government decisions by requiring the government to follow appropriate procedures when its agents decide to

- 9 -

deprive any person of life, liberty, or property." *Id.* (internal quotations and changes omitted).

In certain circumstances, a substantive due process claim may be subject to the same ripeness analysis as a related takings claim. In many cases that deal with substantive due process claims, courts will apply only the *Williamson County* "final decision" requirement, and not the "just compensation" requirement. See *John Corporation*, 214 F.3d at 584. However, both *Williamson County* requirements will apply to "due process takings" claims. *Id.* For example, the Fifth Circuit has concluded that while a "substantive due process claims alleging deprivations of property are not necessarily subsumed under the Takings Clause," a substantive due process claim will be subsumed if the alleged constitutional violation is "framed only as a takings claim." *Sandy Creek Investors, Limited v. City of Jonestown, Texas*, 325 F.3d 623, 626 (5th Cir. 2003).

While a related procedural due process claim is not directly subject to *Williamson County*, the Fifth Circuit has explained that such a claim will not become ripe until the associated takings claim is ripe. This is because "it will only be when a court may assess the takings claim that it will also be able to examine whether Appellants were afforded less procedure than is constitutionally required." See *John Corporation*, 214 F.3d at 585 ("Until the state courts have ruled on the plaintiff's inverse condemnation claim, this court cannot determine whether a taking has

- 10 -

occurred, and thus cannot address the procedural due process claim with a full understanding of the relevant facts.") (internal quotation and citation omitted).

## B.  Application

In this case, all claims accrued on or before December 1, 2006.  As a result, the two year statute of limitations had run well before the plaintiff filed this action on June 17, 2010.  Therefore, all of the plaintiff's claims are barred.

### 1.  *Takings Claim*

Because a takings claim cannot accrue until both ripeness prongs of *Williamson County* have been met, the two year statute of limitations will begin to run once the state authorities have made a final decision about the property, and the plaintiff has sought just compensation in the state court.

In this case, the question is at what point the second *Williamson County* prong -- requiring the plaintiff to seek just compensation in the state court -- was fulfilled. The plaintiff argues that the obligation to seek just compensation was completed on August 21, 2009, or the date the Texas Supreme Court denied the plaintiff's petition for review.  Plaintiff Nashville Texas, Inc.'s Response to City of Burleson's Motion for Summary Judgment ("Nashville's Response to Burleson") at 17 (docket entry 36).  In contrast, the defendants argue that the obligation to seek just compensation was completed on December 1, 2006, when the state district court issued its "Final Order" dismissing all of the plaintiff's claims.  Burleson's Brief at 26-31; Defendant

Paradigms For Success, Inc.'s Reply Brief to Plaintiff's Response to Paradigms for

Success, Inc.'s Motion for Summary Judgment (Paradigms' Reply) at 4-6 (docket

entry 45); Defendant Rovin, Inc.'s Reply Brief to Plaintiff's Response to Defendant

Rovin's Motion For Summary Judgment ("Rovin's Reply") at 4-7 (docket entry 46).

After evaluating the record and briefs submitted, this court concludes that the takings

claim became ripe on December 1, 2006 -- the date of the district court's final order.

In *Nashville Texas, Inc.*, the Texas Court of Appeals held that the December 1,

2006 order issued by the District Court was the "final order" in the state court case.

See *Nashville Texas, Inc.*, 2009 WL 618507 at *3.  Because the plaintiffs did not file a

timely appeal, the court of appeals lost jurisdiction over the case, rendering the

December 1, 2006 order final and unappealable.  See *id.*  When a state court

dismisses a takings case, and the plaintiff fails to timely file an appeal, then the state

court has effectively determined that the plaintiff is not entitled to any compensation

at all.  See *Williamson County*, 473 U.S. at 195 ("[T]he State's action here is not

'complete' until the State fails to provide adequate compensation for the taking.").

In its reply brief to the defendants' motions for summary judgment, the

plaintiff cites an Eleventh Circuit case which held that a section 1983 claim did not

become ripe until a Florida state appellate court had issued its decision.  *See*

Nashville's Response to Burleson at 17 (citing *Corn v. City of Lauderdale Lakes*, 904

F.2d 585, 588 (11th Cir. 1990)).  However, in the *Corn* case, the plaintiff had filed a

timely appeal to the Florida appellate court. Therefore, in that case, the state inverse condemnation case was still alive. However, because the plaintiff in this case failed to file a timely appeal, the Texas appellate courts lacked jurisdiction to hear the inverse condemnation claim. See *Nashville Texas, Inc.*, 2009 WL 618507 at *3.

Furthermore, to adopt the plaintiff's reasoning would yield a perverse result. Under its logic, any plaintiff suffering an adverse state court decision could sit on its hands indefinitely until deciding to bring a section 1983 claim in federal court. All the plaintiff would have to do is file an untimely appeal and wait for the state appellate courts to dismiss it. At that point, the plaintiff would have two more years to file the section 1983 takings claim in federal court.

### 2. *Substantive and Procedural Due Process Claims*

If the plaintiff's takings claims are time barred, then the claims under the due process clause are barred as well.

The plaintiff's substantive due process claim is time barred, irrespective of whether or not that claim was subject to both *Williamson County* ripeness requirements. If the claim was subject to both requirements, then the limitations period began to run on December 1, 2006. *Sandy Creek Investors*, 325 F.3d at 626. However, if the claim was subject to the finality requirement only, it must have accrued at some point before December 1, 2006. See *John Corporation*, 214 F.3d at 584. As a result, the plaintiff's substantive due process claim is time barred.

Furthermore, because the procedural due process claims only became ripe once the state court had denied the plaintiff any compensation at all, the statute of limitations period for that claim began on December 1, 2006.  See *John Corporation*, 214 F.3d at 585-86.

### III.  CONCLUSION

For the reasons stated above, the defendants' motions for summary judgment are **GRANTED**.  Judgment will be entered for the defendants.

**SO ORDERED**.

September 23, 2011.

_____
**A. JOE FISH**
**Senior United States District Judge**