IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NASHVILLE TEXAS, INC. | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. 3:10-CV-1210-G |
| | ) | |
| CITY OF BURLESON, TEXAS, ET AL | ) | |
| Defendants | ) | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the order of reference filed October 31, 2011, before the Court for recommendation are *Defendant Rovin's Motion and Brief for Attorney Fees* (doc. 62), and *Defendant Paradigms for Success, Inc.'s Motion and Brief for Attorney Fees* (doc. 63), both filed October 7, 2011. Based on the relevant filings and applicable law, the motions should be **DENIED**.

I. BACKGROUND

Plaintiff Nashville Texas, Inc. (Plaintiff), sues Rovin, Inc. (Rovin), Paradigms for Success, Inc. (Paradigms), and the City of Burleson, Texas (City) under 42 U.S.C. § 1983. (*See* doc. 1 at 1.) Plaintiff owns property in the City adjacent to, but separated by a public alleyway from, property owned by Paradigms and leased by Rovin. (*Id*. at 2.) In February 2005, Rovin sought and received permission from the City to install a grease trap and trash dumpsters in the alley between the two properties for a one-year period despite Plaintiff's objection. (*Id*.) In June 2005, the City made the authorization to place trash dumpsters in the alley. (*Id*. at 3.)

Plaintiff initially sued the defendants in state court. (*Id*. at 5.) Finding that Plaintiff lacked standing to bring the suit, the state court sustained jurisdictional pleas by the City on April 21, 2006, and by Rovin and Paradigms on December 1, 2006. (*Id*.) On January 9, 2008, it denied the defendants' request for attorneys' fees and dismissed Plaintiff's claims based on the jurisdictional pleas. (*Id*. at 6.) On March 12, 2009, the state appellate court dismissed Plaintiff's appeal as

untimely, finding that the December 1, 2006 Order was a final judgment that divested the state trial court of jurisdiction to enter the subsequent order. (*Id.*)  It also denied its motion for rehearing. (*Id.*)  The Supreme Court of Texas denied Plaintiff's petition for review. (*Id.*)

Plaintiff filed this § 1983 action in federal court on June 17, 2010. (*Id.* at 1.)  It alleges that Rovin's placement of dumpsters in the alley blocks vehicular use of the alley in violation of Plaintiff's private rights of access, ingress and egress from the alley, that it holds a fee simple interest in half of the alley, and that Rovin has refused to remove the dumpsters from the alley in spite of repeated requests. (*Id.* at 3.)  Plaintiff also contends that the City's property rights in the alley easement do not extend to the right to maintain trash dumpsters there. (*Id.*)  According to Plaintiff, the defendants' actions constitute a taking of its property without just compensation in violation of the Fifth and Fourteenth Amendments and a violation of its rights to procedural and substantive due process under the Fourteenth Amendment. (*Id.* at 4.)

Finding that Plaintiff's claims accrued on or before December 1, 2006, and that the two-year limitations period expired well before it filed suit, the district court granted summary judgment in favor of the defendants in this case on September 23, 2011. (*See* docs. 60, 61.)  On October 7, 2011, Rovin and Paradigms filed separate motions seeking attorney's fees under 42 U.S.C. § 1988. (*See* docs. 62 and 63.)  The motions are now ripe for consideration.

## II.  ANALYSIS

Rovin and Paradigms move for an award of fees under 42 U.S.C. § 1988 on grounds that Plaintiff's suit was frivolous, unreasonable or groundless. (*See* doc. 70 at 2.)

Under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, courts may award reasonable attorney fees to a prevailing party in a § 1983 action. *Kirchberg v. Feenstra*, 708

F.2d 991, 995 (5th Cir.1983).  The threshold showing for an award of fees differs depending on whether the prevailing party is a plaintiff or a defendant.  *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998).  The Fifth Circuit has found that § 1988 creates a presumption that prevailing plaintiff will be awarded fees in the absence of special circumstances.  *Doe v. Silsbee Ind. Sch. Dist.*, 440 Fed. App'x 421, 424-25 (5th Cir. 2011).  Fees are "presumptively unavailable" to a prevailing defendant, however.  *Id.*  A defendant may recover fees under § 1988 only upon a showing "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting from *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)).[1]

A claim is frivolous when it lacks an arguable legal foundation.  *Offord v. Parker*, 456 Fed. App'x 472, 474 (5th Cir. 2012) (holding a claim barred by res judicata to be frivolous).  A plaintiff's claim is also frivolous where it lacks an adequate factual basis, as when the complaint asserts only conclusory allegations or when the plaintiff fails to offer any evidence in support of a given claim.  *See Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000) (upholding an award of fees to prevailing defendants where plaintiff offered no evidence to support her constitutional claims).  "Implicit in this approach is the premise that plaintiff knew or should have known the legal or evidentiary deficiencies of his claim."  *Silsbee Ind. Sch. Dist.*, 440 Fed. App'x at 425 (quoting

---

[1]The Supreme Court elaborated:

> The plaintiff's action must be meritless in the sense that it is groundless or without foundation.  The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.  As we stated in *Christiansburg*: "To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of [1983]."

449 U.S. at 14-15 (citations omitted).

*Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3rd Cir. 1990)).  In determining whether a suit is frivolous, the Fifth Circuit has approved consideration of  "factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial."  *Myers*, 211 F.3d at 292.  No single factor is controlling; the court should decide whether a claim is frivolous on a case-by-case basis.  *Silsbee Ind. Sch. Dist.*, 440 Fed. App'x at 425.  In making this determination, courts should be mindful of the admonition in *Christiansburg* to avoid *post hoc* reasoning.  *Id.*, citing *Christiansburg*, 434 U.S. at 421.

As to the first factor, the district court never considered whether Plaintiff established a *prima facie* case on any of its constitutional claims because it found them to be time-barred.[2]  (doc 64 at 3.)  Because the defendants rely heavily on the fact that the statute of limitations elapsed nineteen months prior to Plaintiff's suit (doc. 70 at 4-5), the district court's treatment of that issue is an appropriate means of testing the arguable legal merit of Plaintiff's position.  The court's summary judgment opinion considered the issue thoroughly and ultimately accepted Plaintiff's basic legal premise, e.g., that its taking and substantive due process claims did not accrue until it exhausted its available remedies through the state court litigation.  (*See* doc. 60); *see also Jones v. Texas Tech University*, 656 F.2d 1137, 1146 (5th Cir. 1981) ("[T]he careful consideration given to the case by the district court is some indication that the suit was not frivolous.").  Accordingly, Plaintiffs' pursuit of what the defendants describe as the "four-plus years of unsuccessful state court litigation", (*see* doc. 70 at 5), was not frivolous or without foundation.  The court ultimately rejected Plaintiff's position, finding that its untimely appeal from the state court proceedings should not be considered

---

[2]  The defendants also argue that the lack of legal support for Plaintiff's "state action" allegation and its clear lack of standing to bring the state action supports a finding of frivolousness.  The district court did not reach the merits of these issues, however, so consideration of them to determine whether Plaintiff's case was frivolous at this stage would constitute the *post hoc* reasoning .

4

for purposes of determining when its taking and substantive due process claims ripened and the statute of limitations began to run. (doc 60.) Although Plaintiff ultimately failed to succeed on its claim, "[a]llegations that, upon careful examination, prove legally insufficient . . . are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*", however. *Hughes*, 449 U.S. at 15-16 (1980).

The defendants rely on *Moore v. McDonald*, 30 F.3d 616, 620-21 (5th Cir. 1994), and *McMillon v. Richmond*, 400 Fed. App'x 878, 879 (5th Cir. 2010), in support of their argument that a time-barred action is frivolous. (*See* doc. 70 at 5 n. 10.) In *Moore*, the district court specifically dismissed all but one of the *pro se* plaintiff's § 1983 claims as frivolous under the preliminary screening standard in 28 U.S.C. § 1915, and it granted summary judgment on the remaining claim based on absolute immunity. 30 F.3d at 617-18. Likewise, *McMillon*, the district court also dismissed the plaintiff's claims as frivolous under § 1915 at the preliminary screening stage. 400 Fed. App'x at 879. Here, Plaintiff's claims were not dismissed at a preliminary screening stage or on a motion to dismiss under Rule 12(b), but rather, at the summary judgment stage. None of the parties cited controlling precedent that determined the impact of Plaintiff's state court appeal, which was ultimately adjudged by the state appellate court to be untimely, on the accrual of its claims under § 1983. The district court's summary judgment opinion considered and distinguished the case cited by Plaintiff in support of its argument, *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990), that its § 1983 claim did not accrue until after the state appellate court issued its decision. (doc. 60 at 12-13.) In addition, Plaintiff also relied on its failure to receive notice of the state court's December 1, 2006 order, and the unclear effect of the state court's January 9, 2008

Final Judgment from which it appealed[3] in support of its defense to the limitations argument. (doc. 38 at 6.) The defendants have not shown that Plaintiff's arguments were without foundation. The first *Myers* factor militates against a finding that Plaintiff's claims were frivolous.

The second *Myers* factor, offers of settlement, is ambiguous at best. The Fifth Circuit has recognized "whether a defendant offers to settle is of questionable value in determining whether the plaintiff's claims are frivolous." *Myers*, 211 F.3d at 292.[4] Defendant Rovin maintains that any offers of settlement on its part were extended only in an effort to avoid the expense of continued litigation. (doc. 62 at 6.) Defendant Paradigms admits to having discussed a settlement whereby it would agree not to seek attorneys fees in exchange for a dismissal of all claims prior to the ruling on its summary judgment motion. (doc 63 at 3 n. 9.) Plaintiff contends Rovin's proposed settlement included an offer to purchase a portion of plaintiff's property and to relocate its trash dumpster, and that it reached an agreement with Paradigms but had not yet executed the settlement documents when the court issued its summary judgment ruling. (*Id*. at 3.) Given the conflicting positions and the "questionable value" of the second factor, this factor also weighs against a finding that Plaintiff's claims were frivolous.

Regarding the final *Myers* factor, whether a full trial on the merits was held, it is undisputed that Plaintiff's claims against the defendants were dismissed without a trial. As noted earlier, however, this factor is not dispositive. *See Hidden Oaks Ltd.*, 138 F.3d at 1053 (holding that

---

[3]    The fact that plaintiff did not prevail on its arguments before the state appellate courts is not conclusive as to whether its federal case was frivolous. The defendants cite no authority in support of such a proposition. (*See* doc. 70.) Prior state litigation has been found relevant for purposes of a frivolousness inquiry where it resulted in a *res judicata* bar. *Offord*, 456 Fed. App'x at 474-75. No such bar was found in this case.

[4]    *See also Hawkins v. Coleman*, 2011 WL 3100562, *2 (W.D. La. July 25, 2011) (noting "whether the defendants did or did not make a settlement offer in this case sheds no light on the merit of the plaintiff's claims").

dismissal prior to trial is not in itself sufficient to establish that the underlying claims were frivolous); *Silsbee Ind. Sch. Dist.*, 440 Fed. App'x at 425 (same). The summary judgment ruling included no finding that Plaintiff's claims were frivolous–the single reference to Plaintiff's accrual argument yielding a "perverse result" cannot reasonably be construed to have done so. Plaintiff's action was not frivolous or groundless, and the defendants are not entitled to a fee award pursuant to § 1988.

### III. CONCLUSION

The motions for attorney's fees should be **DENIED**.

**SO RECOMMENDED** on this 1st day of June, 2012.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE